IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENNETH E. TARR,  )
  )
    Plaintiff(s),  )    No. C 05-3668 TEH (PR)
  )
v.  )    ORDER OF SERVICE
  )
MARIN COUNTY SHERIFF'S  )
DEP'T, et al.,  )
  )
    Defendant(s).  )
_____ )

    Plaintiff, a prisoner at Atascadero State Hopsital, has filed a pro se complaint for damages under 42 U.S.C. § 1983 claiming various violations of his constitutional rights while at the Marin County Jail.

    Plaintiff specifically alleges that: (1) on October 20, 2002, deputy sheriff Nealon shackled plaintiff to a telephone pole in the jail and maced him without justification; (2) some time between September 20 and October 20, 2002, deputy sheriff Holloway twisted plaintiff's arm and pushed him into a cell; and (3) on September 20, 2002, deputy sheriff Canziani threatened plaintiff and deputy sheriffs York, Monge, and McCreel beat up plaintiff in the jail's day room.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Liberally construed, plaintiff's allegations that Nealon shackled him to a telephone pole and maced him, and that York, Monge and McCreel beat him up in the day room, state cognizable claims under § 1983 against these deputy sheriff defendants for use of excessive force. Compare Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) (8th Amendment protects convicted prisoners from malicious and sadistic use of force to cause harm) with Graham v. Connor, 490 U.S. 386, 395 n.10 (1989) (Due Process Clause of 14th Amendment protects post-arraignment pretrial detainees from use of excessive force that amounts to punishment). Nealon, York, Monge and McCreel accordingly will be served.

Plaintiff's other allegations and corresponding defendants are dismissed under the authority of 28 U.S.C. § 1915A(b). Although regrettable, neither a

push nor a threat amounts to a constitutional violation cognizable under § 1983. See, e.g., Hudson, 503 U.S. at 9-10 (8th Amendment excludes from constitutional recognition de minimis uses of force); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that threat was for purpose of denying access to courts compel contrary result). And the Marin County Sheriff's Department and the County of Marin are dismissed because it is clearly-established that local governments cannot be liable under § 1983 solely because they are responsible for the actions or omissions of their employees.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under § 1983; or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants:  Marin County deputy sheriffs Nealon, York, Monge and McCreel . The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as follows:

a.     No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

1 include as exhibits all records and incident reports stemming from the events at
2 issue.  If defendants are of the opinion that this case cannot be resolved by
3 summary judgment or other dispositive motion, they shall so inform the court
4 prior to the date their motion is due.  All papers filed with the court shall be
5 served promptly on plaintiff.

6       b.     Plaintiff's opposition to the dispositive motion shall be filed
7 with the court and served upon defendants no later than 30 days after defendants
8 serve plaintiff with the motion.

9       c.     Plaintiff is advised that a motion for summary judgment
10 under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your
11 case.  Rule 56 tells you what you must do in order to oppose a motion for
12 summary judgment.  Generally, summary judgment must be granted when there
13 is no genuine issue of material fact--that is, if there is no real dispute about any
14 fact that would affect the result of your case, the party who asked for summary
15 judgment is entitled to judgment as a matter of law, which will end your case.
16 When a party you are suing makes a motion for summary judgment that is
17 properly supported by declarations (or other sworn testimony), you cannot simply
18 rely on what your complaint says.  Instead, you must set out specific facts in
19 declarations, depositions, answers to interrogatories, or authenticated documents,
20 as provided in Rule 56(e), that contradicts the facts shown in the defendant's
21 declarations and documents and show that there is a genuine issue of material
22 fact for trial.  If you do not submit your own evidence in opposition, summary
23 judgment, if appropriate, may be entered against you.  If summary judgment is
24 granted, your case will be dismissed and there will be no trial.  <u>Rand v. Rowland</u>,
25 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).
26 /
27
28 4

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

       d.     Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

       e.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order is required before the parties may conduct discovery.

4.     All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: 01/23/06

_____
THELTON E. HENDERSON
United States District Judge